IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 3:21CR504 |
| | ) | |
| Plaintiff, | ) | JUDGE JEFFREY J. HELMICK |
| | ) | |
| v. | ) | |
| | ) | GOVERNMENT'S MOTION IN LIMINE |
| JEREMY DAVID ADAMS, | ) | NO. 4 |
| | ) | |
| Defendant. | ) | |

Now comes the United States of America, by and through its counsel, Rebecca C. Lutzko, United States Attorney, and Assistant United States Attorneys Tracey Ballard Tangeman and Sara A. Al-Sorghali, and moves the Court to prohibit the defense and/or Defendant from eliciting, inquiring, or commenting about any sexual communications and/or conduct the Ohio victim may have engaged in with men besides this Defendant, as it violates the rape shield act. Federal Rule of Evidence 412(a)(1). In cases "involving alleged sexual misconduct," Federal Rule of Evidence 412(a)(1) forbids the introduction of "evidence offered to prove that a victim engaged in other sexual behavior." *United States v. Ogden*, 685 F.3d 600, 605 (6th Cir. 2012), declined to follow on other grounds in *United States v. Faulkner*, 730 Fed.Appx. 325 (6th Cir. Tenn., April 12, 2018), (in which Ogden was convicted of production, enticement, and receipt and possession of child pornography for inducing the victim, who had just turned 16 a few months before, to produce and send him child pornography of herself, as well as masturbate on

1

webcam at his request, which he saved on an external hard drive).[1]  As the Sixth Circuit noted in *Ogden*, "sexual behavior" includes "verbal conduct," i.e., sexual communications the victim may have had with other men; and in *Ogden*, that entailed online chat messages the victim had with other men in which she mentioned sending explicit images of herself to them.  *Id., citing* 23 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 5384 (1st ed. 1969); *see also United States v. Papakee,* 573 F.3d 569, 572–73 (8th Cir. 2009).  Although the government is not aware of the Ohio victim in this case engaging in sexual conversations with other men or any production of sexually explicit material of her with any other men besides Defendant, it is erring on the side of caution and seeking this liminal ruling in order to prevent any inquiry, comments, or even suggestions at trial of such rape shield evidence.

The Sixth Circuit in *Ogden* found that exclusion of such rape shield evidence involving the victim's chats with other men was warranted even where the defendant claimed it violated his Due Process and Sixth Amendment rights.  *Ogden*, 685 F.3d 600 at 605.  Although a defendant has a right to present a defense, "[a] criminal defendant does not, however, "have an unfettered right to offer testimony that is incompetent, privileged, or otherwise inadmissible under the standard rules of evidence." *United States v. Mack*, 298 F.R.D. 349, 351–52 (N.D. Ohio 2014), *aff'd,* 808 F.3d 1074 (6th Cir. 2015) (citing *Taylor v. Illinois,* 484 U.S. 400, 410, 108 S.Ct. 646 (1988)).  The Sixth Circuit in *Ogden* found the evidence was not admissible even where Ogden wanted to elicit the victim's communications with other men to prove that she had originally produced the child pornography in the case for them, not Defendant.  Ogden also

---

[1] Similarly, the victim here sent Defendant other sexually explicit videos of herself both while she was still a minor and after she was an adult, which he saved to an electronic device. Those videos are separate and apart from the sexually explicit material that is the basis of the charge here (i.e., that he produced of the victim in a Swanton, Ohio hotel in May 2017).

2

argued that the chat logs showed that the victim misled her parents and hence, the jury too, about her interactions with other men. *Ogden*, 685 F.3d 600 at 604-605. The Sixth Circuit found that these arguments were not sufficient in overcoming the rape shield rule banning such evidence.

> The government's interest in excluding the chat logs, in contrast, was strong. The rape-shield rule encourages victims of sexual abuse to report their abusers by protecting the victims' privacy. *See* Fed.R.Evid. 412 Advisory comte. notes. The rule's protections were especially important in this case, because the victim was underage. *See Clardy v. McKune,* 89 Fed.Appx. 665, 673–74 (10th Cir. 2004). Given the strength of these interests, and the weakness of Ogden's, the Constitution did not require admission of the chat logs.

*Ogden*, 685 F.3d at 606. Similarly, because the produced child pornography from the Swanton, Ohio hotel forming the basis of the charge here depicts the Ohio victim with the Defendant in at least one image, he can hardly attribute that child pornography to another individual. To the contrary, Defendant has admitted to being in the produced child pornography with the victim. *See e.g.,* R. 5: Appellant Brief, Appeal No. 23-375, Page 35 ("The prosecutor did not even prosecute K.A. who is as complicit in any allegation as is Adams").

Furthermore, such rape shield evidence would mislead the jury and invite confusion of the issues, unfair prejudice, and jury nullification as proscribed under Fed. R. Evid. 403. Under Federal Evidence Rule 403, the Court may exclude evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, waste of time, or needlessly presenting cumulative evidence. *United States v. Bilderbeck,* 163 F.3d 971, 978 (6th Cir. 1999) ("unfair prejudice [ ] mean[s] the undue tendency to suggest a decision based on improper considerations"). "The admission or exclusion of evidence under Rule 403 is within the sound discretion of the trial court." *United States v. Reynolds*, 762 F.2d 489, 494 (6th Cir. 1985).

3

By asking questions eliciting evidence about the victim communicating or engaging sexually with other men and/or creating other sexual material of the victim with or for other men besides Defendant, the defense would violate the rape shield act, as well as confuse the issues, cause prejudice, and mislead jurors into believing they could acquit Defendant if they heard evidence that the victim was engaging or speaking sexually to other men or producing or sending sexually explicit material to other men. Doing so would also waste the jury's time by having to listen to testimony that is neither admissible nor probative on the factual and legal determinations in this case as it relates to this Defendant.

## **CONCLUSION**

For all of those reasons, the Court should prohibit the defense from inquiring, making statements or arguments, introducing evidence, or eliciting testimony about any other sexual communications, sexual activity, or sexual depictions of the victim vis-à-vis other men besides Defendant.

Respectfully submitted,

REBECCA C. LUTZKO
UNITED STATES ATTORNEY

By: /s/ *Tracey Ballard Tangeman*
/s/ *Sara A. Al-Sorghali*
Tracey Ballard Tangeman (0069495)
Sara A. Al-Sorghali (0095283)
Assistant United States Attorneys
Four Seagate, Suite 308
Toledo, OH 43604
Phone: (419) 259-6376
Fax: (419) 259-6360
Email: Tracey.Tangeman@usdoj.gov
Sara.Al-Sorghali@usdoj.gov

4

**CERTIFICATE OF SERVICE**

    I hereby certify that on February 6, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

                                              /s/ *Tracey Ballard Tangeman*
                                              Tracey Ballard Tangeman
                                              Assistant United States Attorney