IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 3:24-CR-14-JJH |
| | ) | |
| Plaintiff, | ) | JUDGE JEFFREY J. HELMICK |
| | ) | |
| v. | ) | |
| | ) | |
| JEREMY D. ADAMS, | ) | **GOVERNMENT'S MEMORANDUM** |
| | ) | **CONTRA DEFENSE "MOTION IN** |
| Defendant. | ) | **LIMINE TO EXCLUDE EVIDENCE OF** |
| | ) | **CALIFORNIA ALLEGATIONS" (DOC.** |
| | ) | **147 IN CURRENT CASE AND DOC. 175** |
| | ) | **IN CASE NO. 3:21CR504) AND** |
| | ) | **GOVERNMENT'S NOTICE OF** |
| | ) | **INTENT TO USE 404(B) EVIDENCE** |
| | ) | |

This matter is before the Court on this production of child pornography Defendant's motion in limine (Doc.147 in current case and Doc. 175 in Case No. 3:21CR504)[1] to exclude other act evidence, to which the Government files the instant objection which also serves as the Government's Notice of Intent to Use 404(b) Evidence if the Defendant opens the door at trial to use of such evidence.  Defendant is charged with production of child pornography of a then-just-turned-17-year-old minor in Ohio that occurred in 2017, and just two years after the production, Defendant enticed/attempted to induce a purported 14-year-old minor in California to send him naked photos of herself.  Examples of opening the door to such 404(b) evidence include, but are not limited to:  denying that he was attracted to underage girls, denying any intent or motive to

---

[1] Defendant was recently indicted in a new indictment filed in 2024 but the Court ordered that all previous motions filed in the prior case number, 3:21CR504, are incorporated into the 2024 case number.  (*See* Non-Dkt R.: ecf filed 1/19/2024.)

sexually exploit and/or produce the Ohio victim in this case, claiming some mental condition(s) prevented him from establishing the mens rea to engage in sexually explicit conduct with purpose to produce the Ohio minor in this case, or claiming that the production was aberrant or isolated conduct on his part, or merely incidental to a romantic relationship with and/or romantic feelings for the Ohio victim, when Defendant, two years later, began corresponding with an even younger minor in California for whom he had not professed his love, used the same words in messaging with her as he did with the Ohio minor, and tried to get her to send nude photos and physically meet as well.

The defense cites Federal Rules of Evidence 403 and 404(b) in seeking to exclude any evidence of Defendant's similar conduct with a (purported) 14-year-old minor in California, as he exhibited with the Ohio minor in this case. When determining liminal motions, the Court is to "look at the evidence in a light most favorable to its proponent, maximizing its probative value and minimizing its prejudicial effect," *United States v. Perry,* 438 F.3d 642, 648 (6th Cir. 2006), including considering the ability of a limiting instruction to reduce the danger of unfair prejudice, *see, generally S.E.C. v. Peters*, 978 F.2d 1162, 1172 ((10th Cir. 1992) (finding an abuse of discretion where the district court excluded prior bad acts evidence under Rule 403 without first considering the ability of a limiting instruction to reduce the danger of unfair prejudice).

Under Evidence Rule 403, the determination is whether the evidence would be substantially more "unduly prejudicial" than probative. *See United States v. Bilderbeck,* 163 F.3d 971, 978 (6th Cir. 1999). Evidence is considered unduly or unfairly prejudicial if it will "cause the jury to decide the case on an improper basis rather than on the evidence." *United States v. Collins*, 604 F.3d 481, 487 (7th Cir. 2010); *United States v. Lantzy*, 538 F. Supp. 3d

2

745, 755 (E.D. Mich. 2021); *Old Chief v. United States*, 519 U.S. 172, 180 (1997) (unfair evidence has the capacity to lure the factfinder into convicting on a "ground different from proof specific to the offense charged"); *United States v. Holden*, 557 F.3d 698, 705 (6th Cir. 2009) ("Evidence that undermines one's defense by virtue of its legitimate probative force does not *unfairly* prejudice the defendant.") (internal quotation and citation omitted). The Sixth Circuit has rejected claims of unfair prejudice under Rule 403 "because the challenged evidence was contrary to [the defendant's] view of the facts." *United States v. Schrock*, 855 F.2d 327, 335 (6th Cir. 1988). In short, "[e]vidence that is prejudicial only in the sense that it paints the defendant in a bad light is not *unfairly* prejudicial pursuant to Rule 403." *United States v. Chambers*, 441 F.3d 438, 456 (6th Cir. 2006) (emphasis added).

Under Rule 404(b), evidence of other crimes, wrongs, or acts, while not admissible to prove the character of a person in order to show action in conformity therewith, may be admissible for other purposes, such as proof of intent, knowledge, motive, plan, or lack of mistake or accident. Factors the court must consider in admitting evidence under Rule 404(b) is whether the evidence tends to prove a material point; the other act is not too remote in time; the evidence is sufficient to support a finding that the defendant committed the other act; and (in certain cases) the act is similar to the offense charged. *United States v. Johnson,* 27 F.3d 1186, 1192 (6th Cir. 1994), *cert. denied,* 513 U.S. 1115, 115 S.Ct. 910 (1995); *United States v. Delaney*, 443 F. App'x 122, 132 (6th Cir. 2011); *United States v. Cherer*, 513 F.3d 1150, 1157 (9th Cir. 2008). As the Sixth Circuit stated in *United States v. LaVictor*, 848 F.3d 428, 447 (6th Cir. 2017):

> "Evidence of intent is probative when the evidence "relates to conduct that is 'substantially similar and reasonably near in time' to the specific intent offense at issue." *Carter*, 779 F.3d at 625 (quoting *Haywood*, 280 F.3d at 721). Otherwise, as we held in *Bell*, Rule 404(b) evidence is probative of intent

3

> "when the prior [acts] were part of the same scheme or involved a similar modus operandi as the present offense." 516 F.3d at 443."

*LaVictor,* 848 F.3d at 447 (citing *United States v. Carter*, 779 F.3d 623, 625 (6th Cir. 2015), *United States v. Haywood*, 280 F.3d 715, 720 (6th Cir. 2002), and *United States v. Bell*, 516 F.3d 432, 441–42 (6th Cir. 2008)).

In this case, Defendant is charged for his sexual exploitation of an Ohio then-minor, KA, by means of producing sexually explicit depictions of her in a Swanton, Ohio hotel the day after she turned 17 in early May 2017. He filed a notice of mental condition defense (doc. 159), claiming that he has mental conditions (e.g. compulsive sexual behavior disorder, depression, and PTSD) which make him impulsive about sex and which purportedly prevent him from forming purposeful intent to produce the minor in this case.[2] However, even if solely the defendant testified at trial that due to impulsivity, he did not act with purpose to produce the Ohio minor, the 404(b) evidence regarding Defendant's actions with the California minor would then become relevant and probative in rebutting his claims and proving his intent or "purpose to produce," his motive, plan, and the lack of accident or mistake as it relates to his production of the Ohio minor.

Defendant met and corresponded online with the 14-year-old California minor ("Kelsey") who was actually some teens playing catch a predator, requested that she send nude photos of herself, arranged to meet her, and showed up at the meet location. Defendant also messaged in graphic sexual terms what his sexual interests were, explaining his interest in "daddy dom" and "daddy kink," telling her that he wanted her to be his "sex slave" and "worship his cock," and

---

[2] The government will be objecting to the proffered and purported expert testimony, and admissibility will be determined at a subsequent date.

4

also asking her to send him "nudes."[3] He told her to send selfies which she did (non-pornographic),[4] sent selfies of himself, arranged to meet her in person, and showed up at the meet location on the date in question, after which he fled when he saw that it was not a 14-year-old girl. After the juveniles called the police and Brentwood Police Department officers responded, Defendant acknowledged that he was speaking to a female named Kelsey and admitted that the messages with her were his, which the officer was looking at on the phone of one of the California teens, as captured on police body camera footage.[5]

Defendant's modus operandi in meeting the then-16-year-old Ohio minor was the exact same as that used with the California minor. He met each of them on an online app, switched to a direct-messaging app, and he began the messaging with both girls the exact same way—by messaging the word "rawr."[6] He then discussed their respective ages early on in the messaging, and after being advised of their minor age, he expressed a sexual interest in them, sent selfies of himself, received (non-pornographic) pictures from each girl, and eventually arranged to meet each girl in person. Defendant even said some of the exact same things to each girl—e.g., that they should start a "daddy-kitten book club."[7]

---

[3] (*See* SEALED Exhibit 97-5 in Case No. 3:21CR504: Defendant's Messages with California Minor, PageID 1306-1311, also marked Govt bates 302-307 and IMG_1251-56, as well as PageID 1317, also marked Govt bates 296 and IMG_1245).

[4] The minor physically depicted in the video and in non-sexual images sent to Defendant was the real-life pubescent sister of the male who was actually communicating with Defendant.

[5] (*See* SEALED Exhibit 5 in Case No. 3:21-CR504, BPD Body Camera Recording, file 2019-10-15_22-13-00.AVI, at approx. 32 seconds-4:18 minutes; SEALED Exhibit 4 in Case No. 3:21-CR504, BPD Body Camera Recording, file 2019-10-15_21-57-12.AVI, from approx. 4:35 minutes on).

[6] (*See* SEALED Ex. 97-5 in 3:21CR504, PageID 1259, also marked Govt bates 250 and IMG_1303; *compare with* discovery marked Govt bates 182).

[7] (*See* SEALED Ex. 97-5 in 3:21CR504, PageID 1350, also marked Govt bates 263 and IMG_1212; *compare with* discovery marked Govt bates 192 regarding messages with Ohio

Within the messaging to both the Ohio minor and California minor, Defendant also used some of the exact same terms in referring to himself and each girl—terms that are consistent with his admitted interest in "daddy age gap kink"[8] and "daddy dom."[9]  For example, with both minors, he referred to himself as "daddy"[10] and he referred to each girl as "baby" or "baby girl," and consistent with his preference, both girls referred to him as "sir" in some of their messages.[11] With each girl, he also referenced masturbating to their (non-pornographic) images.[12]  With the California minor, he said, "I do want you to send me nudes today though since I have to wait a whole other week to see you. I have daddy urges to get out."[13]  With the Ohio minor, he said, "I jerked off three times looking at your pics."[14]  In other words, Defendant used the modus operandi or pattern of behavior, including some of the exact same words and lines, with both the Ohio minor in 2017 and the California minor in 2019.  If Defendant claims at trial that he acted too impulsively to form intent, the fact that he acted the exact same way two years later, although unsuccessful in obtaining sexually explicit images from the California minor, certainly constitutes both relevant and probative evidence rebutting his claims.

---

minor).

[8] (*See* SEALED Ex. 97-5 in 3:21CR504, PageID 1264, also marked Govt bates 245 and IMG_1298).

[9] (*Id.*, PageID 1308, also marked Govt bates 305 and IMG_1254).

[10] (SEALED Ex. 97-5 in 3:21CR504, PageID 1315, also marked Govt bates 298 and IMG_1247; *compare with* discovery marked Govt bates 188, his messages with the Ohio minor).

[11] (*Id.*, PageID 1307-1308, also marked Govt bates 305-306 and IMG_1254-55; *compare with* discovery marked Govt bates 194 regarding Ohio minor).

[12] (SEALED Ex. 97-5 in 3:21CR504, PageID 1322, also marked Govt bates 291 and IMG_1240).

[13] (*Id.*).

[14] (*See* discovery marked Govt bates 198).

6

The Sixth Circuit employs a three-part test to determine the admissibility of Rule 404(b) evidence. First, the district court must decide whether there is sufficient evidence that the other act in question actually occurred; second, if so, the district court must decide whether the evidence of the other act is probative of a material issue other than character; and third, if the evidence is probative of a material issue other than character, the district court must decide whether the probative value of the evidence is substantially outweighed by its potential prejudicial effect. *United States v. Trujillo*, 376 F.3d 593, 605 (6th Cir. 2004) (citations omitted). Moreover, the district court can reduce the prejudicial nature of the other acts evidence by instructing the jury to consider the evidence only for the limited purposes for which it was admitted. *See Bell*, 516 F.3d at 445; *Huddleston v. United States*, 485 U.S. 681, 691-92 (1988). Such jury instructions further minimize any risk of unfair prejudice. *Richardson v. Marsh*, 481 U.S. 200, 211, 107 S.Ct. 1702 (1987) (noting that there is a presumption that juries follow their instructions).

Rule 404(b) is a "rule of inclusion rather than exclusion, since only one use is forbidden, and several permissible uses of such evidence are identified." *United States v. Blankenship,* 775 F.2d 735, 739 (6th Cir. 1985); *see also, United States v. Curtin*, 489 F.3d 935, 944 (9th Cir. 2007) (en banc). The district court "has broad discretion in determining whether evidence is admissible under Rule 404(b)." *United States v. Cummins*, 969 F.2d 223, 226 (6th Cir. 1992). In order for evidence to be admissible under Rule 404(b), it must be relevant. *See Huddleston*, 485 U.S. at 689. Under Federal Rule of Evidence 401, "[r]elevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." In the context of Rule 404(b), prior acts evidence "is relevant only if the jury can reasonably conclude that the act

7

occurred and that the defendant was the actor." *Id*.at 689. However, the evidence need only be sufficient for a jury to find by a preponderance of the evidence that the Defendant committed the acts. *Id.* at 687. Thus, the Defendant need not be convicted of the other act conduct.

Moreover, "[w]ithin limits delineated in the Federal Rules of Evidence, the government is entitled to introduce all relevant, probative evidence at its disposal." *United States v. Burgess*, 576 F.3d 1078, 1099 (10th Cir. 2009). Indeed, "[t]he defense cannot be heard to complain that the government has produced too much evidence of guilt." *Id.* Regarding the temporal element between the other act evidence and the charged conduct, the Sixth Circuit has previously held that there is "no absolute maximum number of years that may separate" the other act evidence and the offense charged.'" *LaVictor*, 848 F.3d at 447 (full citation omitted) (citing *United States v. Love*, 254 Fed.Appx. 511, 516–17 (6th Cir. 2007), *aff'd*, 550 Fed.Appx. 286 (6th Cir. 2014)); *United States v. Jones*, 403 F.3d 817, 821 (6th Cir. 2005) (quoting *United States v. Ismail*, 756 F2d 1253, 1260 (6th Cir. 1985). Additionally, "'admissible bad acts evidence need not show incidents are identical to the events charged, so long as they are closely related to the offense' and 'are probative of intent.'" *United States v. Sykes*, 65 F.4th 867, 880 (6th Cir. 2023) (citing *United States v. Hruby*, 19 F.4th 963, 969 (6th Cir. 2021) (quoting *United States v. Lieu*, 963 F.3d 122, 129 (D.C. Cir. 2020)).

Here, Defendant communicated with the purported 14-year-old California minor just two years after the production offense involving the Ohio minor. In Defendant's messages to the 14-year-old, he requested that she send naked photos, and like the Ohio minor, he initiated and continued to discuss graphic sexual activity with her. That included his sexual interest in "daddy

8

dom," i.e., "a submissive girl" being "obedient" to him.[15] He also discussed details about himself that identify him (e.g., he tells her his height, that he had been in the military and previously lived in N.C., and that he had bees), in addition to the fact that he sent selfies of his face and admitted to Brentwood Police that he had sent "Kelsey" the messages in question which were clearly visible on the juvenile's phone, as captured in body camera footage.[16] In addition, Defendant showed up at the meet location on the date of the meet up. Thus, there is ample evidence that he was the one who communicated sexually with the California minor.

To the extent Defendant claims such evidence is too remote, courts have upheld other acts evidence that occurred within two years of the charged conduct. *See e.g., United States v. Nance*, 767 F.3d 1037, 1042 (10th Cir. 2014) (allowing 404(b) evidence that the defendant had viewed child pornography on his computer "at least two years before the charged offenses" because it undercut the defense that he did not know about the child pornography for which he was charged, and where the court also found a limiting instruction would cure any potential prejudice under Rule 403). Hence, the other act evidence in this case is not too remote from the offense conduct to be admissible under Rule 404(b).

Defendant's actions involving the California minor were also similar to his criminal conduct with the Ohio minor because he tried to get the California minor to take and send naked

---

[15] (*See* SEALED Ex. 97-5 in case no. 3:21CR504: Messages with California Minor, PageID 1307-1308, also marked Govt bates 305-306 and IMG_1254-55).

[16] (*See* SEALED Ex. 97-4 in 3:21CR504: Messages with California Minor, PageID 1259-1260, 1267; SEALED Ex. 97-5 in 3:21CR504: Messages with California Minor, PageID 1361, also marked Govt bates 252 and IMG_1201; SEALED Ex. 5 in 3:21CR504: BPD Body Camera Recording, file 2019-10-15_22-13-00.AVI at approx. 32 seconds-4:18 minutes; SEALED Ex. 4 in 3:21CR504: BDP Body Camera Recording, file 2019-10-15_21-57-12.AVI from approx. 4:35 minutes on).

images of herself, he communicated with her sexually just as he did with the Ohio minor,[17] he began their direct-message communications the exact same way he had with the Ohio minor two years earlier, and he arranged to meet the California minor and showed up at the meet location, just as he had successfully done with the Ohio minor on two occasions—the second of which resulted in the production of sexually explicit material. "To the extent that there are any differences in the facts, we have held that there is no requirement that the prior act must be "identical in every detail to the charged offense." *LaVictor*, 848 F.3d at 447 (citing *United States v. Alkufi*, 636 Fed.Appx. 323, 332 (6th Cir. 2016)). Therefore, the fact Defendant was not successful in getting the 14-year-old to produce or engage in sex acts like he did with the Ohio minor does not negate his enticement of the 14-year-old. With regard to intent as it relates to enticement of the California minor, "the government must prove that the defendant intended to cause assent on the part of the minor, not that he acted with the specific intent to engage in sexual activity." *United States v. Brooks*, 723 Fed.Appx. 671 (10th Cir. 2018).

      Furthermore, the California other-act evidence is probative of a material issue other than character—namely, Defendant's intent, motive, plan, and lack of mistake or accident in producing the Ohio minor's sexually explicit depictions. The defense has put these precise factors at issue in this case with the filing of its a notice of mental defense under Criminal Rule 12.2 and submitted report from a psychologist opining that Defendant's mental conditions prevented him from acting purposely and instead caused him to act impulsively. (*See* Doc. 159 and 160). Defendant has also previously claimed that he produced their sexually explicit

---

[17] In fact, Defendant emailed the Ohio minor a sex survey on February 7, 2017, not long after meeting her online, and it asked her to rate each item from 0-5, depending on her level of interest. Two of the items listed were "making home porn" and "making professional porn?" (See Govt bates 521).

conduct as an expression of their love, as part of a romantic relationship, and because she was of legal age to engage in the sex acts themselves (she had just turned 17 the day before the production). As such, evidence that he attempted to get an even younger minor—who was not of legal age to engage in sex acts and whom he had not professed to be in love or a relationship with—to send him naked depictions and meet in person is thus, relevant and probative in proving that he did not act impulsively with the Ohio minor when producing her, that he was sexually attracted to minors regardless of their age of minority or whether he was in love or a romantic relationship with them, and that he intended, planned, and had a motive to produce the Ohio minor while in the Swanton hotel. In other words, evidence that he met, communicated with, and attempted to get a 14-year-old to send him naked images just two years later proves that his production of sexually explicit images and videos of the 17-year-old Ohio minor was not impulsive or accidental. Simply put, it disproves his claims.

Moreover, regarding defense claims of unfair prejudice with use of such evidence, the government could limit the amount and the detail of the messages between Defendant and the California minor in order to prevent any unfair prejudice. In other words, if the defense puts Defendant's intent in dispute thereby opening the door to such evidence such that the government were to rebut those claims with this 404(b) evidence, the government need not elicit or show the jury every single message he wrote the California teen or every graphic sexual message he wrote her. It could use merely a select number to show he was advised of her age and still requested naked photos. "Evidence that lacks inflammatory detail, for example, but that more simply shows that [the defendant] is a consumer of child pornography, might not be unfairly prejudicial at all." *United States v. Sims*, 708 F.3d 832, 836 (6th Cir. 2013) (overturning a district court's exclusion of evidence the defendant possessed child pornography in an

11

attempted production case of a different victim).  A 404(b) limiting instruction, which the government requested in its proposed jury instructions (*see* doc. 131, PageID 1711), could also be given to minimize any potential unfairly prejudicial consideration of the evidence.

In *United States v. Sebolt,* 460 F.3d 910, 914 (7th Cir. 2006), the defendant was charged with possession of child pornography and the appellate court upheld the district court's admission of the defendant's trip to another state to have sex with another minor, as well as his prior molestation of a young relative and failed attempts to molest other children. *Id.* (the appellate court found that admission of the defendant's possession of boy's underwear, on the other hand, should have been excluded).  The appellate court found no abuse of discretion, for example, in admission of the defendant's trip to have sex with another minor (or the prior molestations or attempted molestations) because they "provided strong evidence of his motive to advertise child pornography online." *Id.* at 917.  The court further explained that while the "motive to molest children does not completely overlap with the propensity to possess, transport, or advertise child pornography ... the conceptual gap between molestation and child pornography is not so wide as to induce the jury to decide the case on an improper basis...." *Id.* (citations and internal quotations omitted); *see also United States v. Burt,* 495 F.3d 733, 734, 741 (7th Cir.), *cert. denied,* 552 U.S. 1063, 128 S.Ct. 724 (2007) (finding no abuse of discretion under Rule 403 where the district court admitted testimony that defendant had repeatedly molested a child as evidence of his intent in a child pornography prosecution).  In those cases, the other acts evidence was even *more* egregious than in this case where the Defendant enticed a purported 14-year-old by trying to get her to send him naked photos online, though ultimately unsuccessful.  Thus, if that more egregious 404(b) evidence was admissible in that case, the 404(b) evidence in this case should also be admissible.

Additionally, in *Brooks*, 723 Fed. Appx. at 681-682, the appellate court in an 18 U.S.C. § 2422(b) case upheld the district court's admission of evidence that the defendant admitted to having prior conversations with a father about having sex with the father's 12-year-old son.  The court found these statements were not just inextricably intertwined with the evidence regarding the charged offense but also could have been admitted as "evidence of motive, intent, plan, or absence of mistake or accident under Rule 404(b)(2) or as a statement against interest under Rule 804(b)(3)."  *Id.*  The court also found these statements "highly probative" and not unduly prejudicial under Rule 403.  *Id.*  The court found that this evidence—the defendant's sexual comments to the undercover agent about the agent's fictitious 12-year-old son—was used at trial because it showed that the defendant was trying to convince the undercover to allow the defendant to have sex with his fictitious son.  *Id.*  Defendant in this case similarly had sexual conversations with whom he believed was a 14-year-old before requesting that she send naked photos, which if he denies intent to purposely produce the just-turned-17-year-old Ohio minor, would be highly probative of his sexual interest in and thus, intent to produce that Ohio minor.  *See LaVictor*, 848 F.3d at 447 (citing *United States v. Alkufi*, 636 Fed.Appx. 323, 332 (6th Cir. 2016)).  *See also*, *United States v. King*, 589 F.Supp.3d 493, 496-497 (W.D. Pa. 2022) (in which the court found that videos depicting the defendant engaged in sex acts with the minor at issue was of probative value and was not outweighed by the danger of unfair prejudice as it was tied to the specific charges).

Likewise, in *United States v. Joubert*, 980 F. Supp. 2d 47, 52 (D.N.H. 2013), the defendant moved for exclusion of non-pornographic images he had taken of children engaged in sports and other outdoor activities when those children were not the victim of the charged offenses.  However, the court held that they were probative to prove that the defendant had a

13

prurient interest in young boys, and that they provided a motive for the defendant's offenses even where the victim was not the minor depicted in those images. *Id*. The Court reasoned that such evidence "may establish his intent to commit those acts." *Id*. Hence, the evidence that Defendant in this case tried to entice a 14-year-old California minor to send naked photos of herself and meet in person after engaging in sexual conversations with her proves his prurient interest in minor girls and his motive and intent in producing the Ohio minor. It shows that his production of the Ohio minor was neither impulsive nor accidental but rather intentional and purposeful.

CONCLUSION

For all of those reasons, the government respectfully requests that the Court deny the liminal motion and permit admission of 404(b) evidence regarding the California minor if the defense or Defendant opens the door to such evidence, whether through statements in jury selection, opening, on cross-examination of government witnesses, or in the defense case-in-chief, whether through Defendant's testimony alone or an expert's in the event the Court finds the expert's testimony admissible.

Respectfully submitted,

REBECCA C. LUTZKO
UNITED STATES ATTORNEY


By: /s/ *Tracey Ballard Tangeman*
By: /s/ *Sara A. Al-Sorghali*
Tracey Ballard Tangeman (OH: 0069495)
Sara A. Al-Sorghali (OH: 0095283)
Assistant United States Attorneys
Four Seagate, Suite 308
Toledo, OH 43604
Phone: (419) 259-6376
Tracey.Tangeman@usdoj.gov
Sara.Al-Sorghali@usdoj.gov

14