IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 24CR14 |
| | ) | |
| Plaintiff. | ) | JUDGE JEFFREY HELMICK |
| | ) | |
| v. | ) | **OBJECTION TO MAGISTRATE'S** |
| | ) | **ORDER OF DETENTION AND** |
| JEREMY ADAMS, | ) | **REQUEST FOR HEARING** |
| | ) | |
| Defendant. | ) | |

Now comes Defendant, Jeremy Adams, by and through counsel, and respectfully objects to the Magistrate's April 4, 2024 Order of Detention filed in this matter. (Doc. 171, Order of Detention). Fed. R. Crim. P. 59(b)(2). Mr. Adams further requests a hearing on this matter before this Court. A transcript of the March 27, 2024 detention hearing was ordered by the defense, as required by Fed. R. Crim. P. 59(b)(2). (Doc. 173, Transcript Request).[1]

Magistrate Judge Clay determined that the presumption of detention had been rebutted. (Doc. 171, Order of Detention, Page ID 2591). He concluded that the government had not proved a risk of flight by a preponderance of evidence but it had proved by clear and convincing evidence that community safety could not be assured. *Id.* Because the magistrate judge based the denial of release on community safety alone, Mr. Adams' objections will focus on that issue.

However, the magistrate judge did mention Mr. Adams' lack of ties to the district and his prior failure to appear in court as additional bases justifying detention. (Doc. 171, Order of Detention, Page ID 2592). Neither basis is valid. First, ties to the community means both the community of arrest and the community where the defendant normally resides. *United States v.*

---

[1] Mr. Adams reserves the right to supplement these objections once the transcript is completed.

*Monteagudo*, 2022 U.S. Dist. LEXIS 48414, *8-9 (E.D. Ky. March 18, 2022) (citing *United States v. Townsend*, 897 F.2d 989, 995 (9th Cir. 1990)). While the Sixth Circuit has not addressed this question, the *Monteagudo* Court noted that the Sixth Circuit "generally has found lack of ties to the charging district a meaningful aggravator only where coupled with non-citizenship or strong international entanglement." *Id.* at *9. *Accord United States v. Homedes*, 2022 U.S. Dist. LEXIS 48409, * 9 (E.D. Ky. March 18, 2022).

Here, Mr. Adams proposed to return to Stockton, California where he previously lived with his mother and brother at the time of his arrest. He was also employed in Stockton and his father lives in the state as well. Mr. Adams has significant family and community ties to the area where he proposed to be released, and the magistrate judge erred in concluding that ties to the charging district were required under 18 U.S.C. 3142(g)(3)(A).

Second, the defense explained at the detention hearing that Mr. Adams one prior failure to appear for municipal court in Virginia more than a decade ago was due to notice not being served on him – not a willful failure to appear. Court records bear that out. The address listed by the municipal court for Mr. Adams at the time was incomplete, showing only his city and state, and the docket reflects no service information. (Ex A, VA docket, attached). Additionally, the docket reflects a charge of obstruction without force but not "false statement to criminal investigator" as the pretrial services report incorrectly reflected. *Id.* These facts support release.

Mr. Adams objects to both factual and legal conclusions in the Order of Detention that he is a danger to the community if released. Denial of release should occur only in rare circumstances. *Sellers v. United States*, 89 S. Ct. 36 (1968). Mr. Adams' specific objections as to the § 3142 factors are below:

As an initial matter, Mr. Adams proposed custodian, his mother Katherine Tippets,

offered to put her home up as surety. (Doc. 170, Supplement, Page ID 2576). This proposal was not mentioned by the magistrate judge in his proposed release conditions summation. (Doc. 171, Order of Detention, Page ID 2595). That the custodian's own home would be at risk if Mr. Adams violated is a significant protection against dangerousness that should have been considered by the magistrate judge.

**Nature/Circumstances of Offense.** The alleged offense is the production of images and video from a lawful sexual relationship with then seventeen-year-old K.A. and subsequent distribution of those images. These events occurred in 2017 – roughly seven years ago. The magistrate judge concluded that distribution of alleged child pornography "to at least two other females" was a reason for detention. (Doc. 171, Order of Detention, Page ID 2593). That fact is in error, as the government alleges that distribution occurred to only one person other than K.A.

The magistrate judge also relied on testimony from Homeland Security Agent Jason Guyton during Mr. Adams' original 2021 detention hearing testifying that Mr. Adams told K.A. to lie to law enforcement about her age to protect him after they began messaging again in 2020. *Id.* But that testimony is incorrect. The defense now has a complete forensic image of Mr. Adams' devices, including the same messages available to law enforcement. To date, the defense has been unable to find any forensic evidence that Mr. Adams ever asked K.A. to lie to the police.[2] Rather, the 2020 messages between the two reflect a friendly conversation, non-sexual in nature, in which they discuss classes and video games.

Finally, the magistrate judge notes – without analysis – that Mr. Adams' charges, which involve a minor, weigh strongly in favor of detention. (Doc. 171, Order of Detention, Page ID

---

[2] K.A. did tell police that this happened during her interview, but computer records do not support that recollection.

2597). But the Bail Reform Act includes no per se exclusions from release, even in cases alleging sexual offenses.

**History/Characteristics.** The defense proposed Mr. Adams' mother, Katherine Tippets, to serve as custodian with the condition that she would be required to supervise Mr. Adams 24/7. The magistrate judge expressed concern if the mother left Mr. Adams at home to go to church or social obligations, Mr. Adams would be unattended. (Doc. 171, Order of Detention, Page ID 2599). But because the defense proposed 24/7 supervision by the mother, she could not leave Mr. Adams at home without violating her responsibilities as custodian. Additionally, the magistrate judge expressed concern that if she took Mr. Adams with her, he could potentially come into contact with minors. *Id.* The magistrate judge reiterated this concern based on children living in the trailer park and playing in close proximity to the home. *Id.*

But Mr. Adams is not charged with contact offenses against minors, conduct which would raise legitimate concerns he could be nowhere, even in passing, where minors would be. Evidence of danger should involve quantifiable, objective evidence. *United States v, Motamedi*, 767 F.2d 1403, 1407 (9th Cir. 1985). His mother testified that no minors come to their home, and as Mr. Adams would continuously be in his mother's presence, any risk of danger would be ameliorated.

The magistrate judge also mentioned Mr. Adams' past failure to appear and obstruction conviction, which the defense already discussed above. (Doc. 171, Order of Detention, Page ID 2598-99).

**The Nature/Seriousness of the Danger to the Community.** In evaluating this factor, the magistrate judge concluded that location monitoring and an internet prohibition could not ensure compliance and therefore, detention was appropriate. (Doc. 171, Order of Detention,

Page ID 2600). The error in the magistrate judge's logic is that no condition beyond incarceration can *ensure* compliance. Nor does the Bail Reform Act require that the defense ensure compliance to justify release. *See United States v. Fortna*, 769 F.2d 243 (5th Cir. 1985) (conditions need not guarantee safety). Instead, as long as a defendant can reasonably assure the court that he will not be a risk of flight or danger, release is appropriate. 18 U.S.C. § 3142(e)(1). Conditions like location monitoring and internet prohibitions are just more tools to creating a reasonable assurance that Mr. Adams would not be a danger if released, particularly now that the presumption of detention has been rebutted.

Finally, in addition to analyzing § 3412 factors, the magistrate judge relied on a January 5, 2024 decision from the Sixth Circuit following Mr. Adams' pro se appeal on the issue of release. (Doc. 171, Order of Detention, Page ID 2600-61). Doing so was error, as the decision was withdrawn by the Sixth Circuit on February 21, 2024.[3] Therefore, it lacks even persuasive weight in this matter and should not have been considered.

For these reasons, Mr. Adams respectfully objects to the Magistrate's Order of Detention and requests a hearing on the matter of detention before this Court.

    Respectfully submitted,

    Stephen Newman
    Federal Public Defender
    Ohio Bar: 0051928

    /s/ Claire R. Cahoon
    CLAIRE R. CAHOON
    Assistant Federal Public Defender
    Ohio Bar No. 0082335
    617 Adams St., 2nd Floor
    Toledo, OH 43604
    Phone: (419) 259-7370
    Fax: (419) 259-7375

---

[3] In fact, undersigned counsel is unable to even access a copy of the decision via PACER, as it is now locked out.