UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                                    Case No. 3:24-cr-14

          Plaintiff,

    v.                                                     ORDER

Jeremy Adams,

          Defendant.

The government moves for an order requiring Defendant Jeremy Adams "to submit to an independent psychological evaluation in order to rebut psychological testimony and evidence that the defense has stated would be introduced at trial to challenge the 'purpose' element of the offense." (Doc. No. 166).

The Supreme Court has held "that where a defense expert who has examined the defendant testifies that the defendant lacked the requisite mental state to commit an offense, the prosecution may present psychiatric evidence in rebuttal." *Kansas v. Cheever*, 571 U.S. 87, 94 (2013) (citing *Buchanan v. Kentucky*, 483 U.S. 402, 408, 422 (1987)). When, as is true in this case, "the defense expert's evidence is based upon an examination of the defendant, 'the only effective means of challenging that evidence [is] testimony from an expert who has also examined him.'" *United States v. Holmes*, No. 18-CR-00258-EJD-1, 2020 WL 5414786, at *2 (N.D. Cal. Sept. 9, 2020) (quoting *Cheever*, 571 U.S. at 94)). *See also United States v. McMahan*, 129 F. App'x 924, 930 (6th Cir. 2005) (A "district court is authorized to order a reasonable, non-custodial psychological examination when a

defendant raises a defense presenting evidence of diminished capacity.") (citing *United States v. Davis,* 93 F.3d 1286, 1293 (6th Cir. 1996)); *United States v. Fell*, No. 5:01-CR-12-01, 2015 WL 13781291, at *1 (D. Vt. Oct. 9, 2015) ("If Fell ultimately does elect to present evidence regarding his mental state through a psychological expert who has examined him, then the government may challenge that evidence with testimony from its own examining expert.").

Adams previously indicated his intent to present expert evidence of a mental condition which allegedly impaired his ability to form the required intent in this case.  (Doc. Nos. 159 and 160).  Adams has not offered any objection to the government's motion.

Therefore, I grant the government's motion for a psychological evaluation of the Defendant. (Doc. No. 166).  Any refusal to participate with the government expert's evaluation will result in the preclusion of the testimony of Defendant's expert.  Further, I order the government to video- and audio-record the evaluation so that defense counsel may review it.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge