IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 3:24-cr-14 |
| | ) | |
| Plaintiff, | ) | JUDGE JEFFREY J. HELMICK |
| v. | ) | |
| | ) | **REPLY IN SUPPORT OF MOTION** |
| JEREMY DAVID ADAMS, | ) | **IN LIMINE TO EXCLUDE EVIDENCE OF** |
| | ) | **A CONTINUING OFFENSE TO PROVE** |
| Defendant. | ) | **"FOR THE PURPOSE OF" ELEMENT** |
| | ) | |

Jeremy Adams, by and through counsel, submits this reply in support of his motion in limine to exclude evidence of a continuing offense to prove the "for the purpose of" element. (Doc. No. 143). The government has opposed. (Doc. No. 176). Mr. Adams maintains his previously made arguments and adds the below in response to the government's opposition.

The government's opposition appears to be two-fold: (1) that it is permissible to satisfy the "for the purpose of" element by proving Mr. Adams developed the requisite purpose "at some point" during the sexual encounter; and (2) the government does not have to prove Mr. Adams knew at the time of the alleged production that the visual depictions at issue would be transmitted in interstate or foreign commerce. Mr. Adams addresses each in reverse order below.

**Knowledge of Future Transmission**

Mr. Adams did not argue that the government must prove Mr. Adams knew at the time of the alleged production that the visual depictions would be transmitted in interstate commerce. Mr. Adams only discussed transportation or transmission in the context of the continuing nature of the interstate element.

**For the Purpose of**

The government is trying to expand the definition of "for the purpose of" beyond that which the Sixth Circuit has established. Relying here solely on an Eleventh Circuit case, the government claims it can satisfy the "for the purpose of" element with evidence that Mr. Adams developed the requisite purpose "at some point during the course of" the sexual activity. The government is similarly attempting to expand this definition in the jury instructions, again citing only out-of-circuit case law. (*See* Doc. No. 110 at 16-18 n.4).

But the Sixth Circuit has not gone so far. As explained in his motion, the government bears the burden of proving, among other elements, that Mr. Adams employed/used/persuaded/induced/enticed/coerced a minor to engage in sexually explicit conduct *for the purpose of* producing a visual depiction of that conduct. Sixth Circuit Pattern Jury Instruction 16.01(2)(C) defines "for the purpose of" as meaning "that the defendant acted with the intent to create visual depictions of sexually explicit conduct, and that the defendant knew the character and content of the visual depictions." The Sixth Circuit has determined this instruction "is soundly based on the law." *United States v. Frei*, 995 F.3d 561, 565-66 (6th Cir. 2021). The government is correct that the Circuit has clarified that 18 U.S.C. § 2251(a) does not require a defendant to engage in sexual conduct with a minor for the sole purpose of producing a visual depiction. *Id.* at 566. But the Sixth Circuit has not held that it is sufficient that a defendant developed the requisite purpose mid-stream.

Instead, as Mr. Adams laid out in his motion, the Sixth Circuit has consistently interpreted the "for the purpose of" element to relate to the discreet time at which the image is made. *See, e.g.*, *United States v. Sims*, 708 F.3d 832, 835 (6th Cir. 2013). The government attempts to distinguish *Sims* on the grounds that it involves an attempt and a factual difference

regarding the physical placement of the defendant. But this argument is unavailing. These distinctions do not change the "for the purpose of element." Neither does the government argue they do. The government, instead, appears to make an evidentiary argument regarding satisfaction of the "for the purpose of" element.

Because the Sixth Circuit has determined the "for the purpose of" element relates to the time at which the image is made, Mr. Adams asks this Court to exclude evidence of a continuing offense with respect to this element.

Respectfully submitted,
Stephen Newman
Federal Public Defender
Ohio Bar: 0051928

*/s/ Claire R. Cahoon*
Claire R. Cahoon (OH Bar No. 0082335)
Assistant Federal Public Defender
Krysten E. Beech (OH Bar No. 0094020)
Research and Writing Attorney
Office of the Federal Public Defender
617 Adams Street, 2nd Floor
Toledo, Ohio 43604
Phone: 419-259-7370
Fax: 419-259-7375
claire_cahoon@fd.org
krysten_beech@fd.org