UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                                     Case No. 3:24-cr-14

        Plaintiff,

v.                                                            ORDER

Jeremy Adams,

        Defendant.

The defendant in this case has been charged with and is awaiting trial on one count of sexual exploitation of children: using a minor to engage in sexually explicit conduct to produce a visual depiction, in violation of 18 U.S.C. § 2251(a). The parties submitted joint proposed jury instructions. They were unable to reach agreement on several of the instructions, including the instruction defining the required "for the purpose of" element. I reviewed the parties' submission, the pattern instructions from the United States Court of Appeals for the Sixth Circuit, and relevant caselaw and proposed the following instruction be used:

> The term "for the purpose of" means that the defendant acted with the intent to create visual depictions of sexually explicit conduct, and that the defendant knew the character and content of the visual depictions. In deciding whether the government has proven that the defendant acted for the purpose of producing a visual depiction of the sexually explicit conduct, you may consider all of the evidence concerning the defendant's conduct.
>
> It is not necessary, however, for the government to prove that the production of any visual depiction of sexually explicit conduct of the minor was the defendant's sole or primary purpose in engaging in sexual activity with K.A. Rather, it is sufficient for the government to prove that one of the defendant's purposes in engaging in sexual activity with K.A. was to produce a visual depiction of sexually explicit conduct.

Nor is it necessary for the government to prove that, at the moment the defendant began engaging in sexual activity with K.A., his purpose was to produce a visual depiction of sexually explicit conduct. Rather, it is sufficient for the government to prove that the defendant developed such a purpose at the time he created a visual depiction of his sexual activity with K.A.

The defendant filed a motion for reconsideration, arguing this instruction misstates the law. (Doc. No. 225). After further consideration, I conclude the proposed instruction did not correctly state the relevant law. Therefore, I instead will give the following instruction for the "for the purpose of" element:

The term "for the purpose of" means that the defendant acted with the intent to create visual depictions of sexually explicit conduct, and that the defendant knew the character and content of the visual depictions. In deciding whether the government has proven that the defendant acted for the purpose of producing a visual depiction of the sexually explicit conduct, you may consider all of the evidence concerning the defendant's conduct.

The government is not required to prove that the production of any visual depiction of sexually explicit conduct of the minor was the defendant's sole or primary purpose in engaging in sexual activity with K.A. But the government must prove that producing a visual depiction of his sexual activity with K.A. was at least a motivating, and not merely an incidental, purpose for the defendant's conduct.

The defendant's motion for reconsideration is granted in part and denied in part. (Doc. No. 225).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge