UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,

        Plaintiff,

v.

Jeremy David Adams,

        Defendant.

Case No. 3:24-cr-14

MEMORANDUM OPINION
AND ORDER

## I.    Introduction and Background

From September 16 to September 19, 2024, Defendant Jeremy David Adams stood trial on one count of Sexual Exploitation of a Minor (Production of Child Pornography), in violation of 18 U.S.C. § 2251(a).[1] At the close of the government's case-in-chief, Adams, through counsel, made a motion for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29. I took the motion under advisement. The jury was unable to reach a verdict and I subsequently declared a mistrial. (*See* non-document entry dated Sept. 19, 2024). I also granted Adams leave to file a brief to

---

[1] Section 2251(a) provides: "Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct . . . shall be punished as provided under subsection (e), if such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed." 18 U.S.C. § 2251(a).

supplement his oral Rule 29 motion and set a briefing schedule on that motion. (*See id.*). That briefing is now complete. (Doc. Nos. 244, 246, and 247). For the reasons stated below, I deny Adams's motion.

## II.     STANDARD

Rule 29 provides that, "[a]fter the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). "If the court reserves decision [on the motion], it must decide the motion on the basis of the evidence at the time the ruling was reserved." Fed. R. Crim. P. 29(b). Rule 29 permits a court to set aside a jury's guilty verdict and enter an acquittal. Fed. R. Crim. P. 29(c)(2). A court considering a Rule 29 motion, "while reviewing the record in the light most favorable to the prosecution, should grant relief only if it is found that upon the record evidence adduced at the trial, no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *United States v. Abner*, 35 F.3d 251, 253 (6th Cir. 1994) (citing *Jackson v. Virginia,* 443 U.S. 307, 324 (1979)).

## III.    ANALYSIS

Adams contends he is entitled to a judgment of acquittal because the government failed to produce evidence to establish: (1) Adams intended to produce each set of visual depictions found on his cell phone and three hard drives; (2) that Adams acted "for the purpose of" creating a visual depiction of sexually explicit conduct; or (3) that the alleged production occurred on a date reasonably near the timeframe alleged in the indictment. (Doc. No. 244). I will consider the parties' arguments regarding each asserted basis for relief in turn.

### A.    UNITED STATES V. LIVELY

Adams first argues he is entitled to a judgment of acquittal based upon the United States Court of Appeals for the Sixth Circuit's 2017 decision in *United States v. Lively*. According to Adams,

the *Lively* court held § 2251(a)'s "for the purpose of" element attaches to each instance of production of sexually explicit conduct and that this "legal reality supports a judgment of acquittal in Mr. Adams' case." (Doc. No. 244 at 4); (*see also* Doc. No. 247 at 1-3). It is not completely clear what Adams means by this, though it appears he argues that when there is evidence that the same visual depictions of sexually explicit conduct appear on more than one electronic device, *Lively* requires that the government prove the defendant acted with the intent to produce the visual depictions to <u>all</u> of those electronic devices, and that if it fails to do so, the defendant may not be convicted for <u>any</u> of those instances of production.

But *Lively* does not stretch as far as Adams proposes. In that case, Lively was charged with several child-pornography offenses after investigators learned Lively had traveled from his residence in California to Michigan and engaged in sexually explicit conduct with a nine-year-old boy who lived with a man Lively met online, Robert Norwood-Charlier. *United States v. Lively*, 852 F.3d 549 (6th Cir. 2017). Norwood-Charlier used a Kodak digital camera with a SanDisk digital memory card to take four pictures of Lively and the boy engaged in that sexually explicit conduct. *Id.* at 552-53. Norwood-Charlier subsequently downloaded the images from the camera onto the hard drive of his laptop. *Id.* at 559.

A jury subsequently convicted Lively of violating § 2251(a). At trial, as well as on appeal, the government argued Lively violated that statute because he sexually abused the victim and because Norwood-Charlier subsequently produced child pornography by copying the images of that conduct onto his hard drive. *Id.* at 558. On appeal, the Sixth Circuit first held "that 'producing' child pornography, as used in § 2251(a), encompasses copying images onto a hard drive." *Id.* at 560. It then held the government failed to show Lively engaged in sexually explicit conduct for the purpose of having Norwood-Charlier produce the images on his hard drive. *Id.* at 562 ("Put simply, there is

3

no evidence in the record suggesting that, when Lively sexually abused the boy, he did so for the purpose of producing the Hard-Drive Images.").

But the court did not overturn Lively's conviction. Instead, it held Lively was not entitled to relief under Rule 29 because the record before the jury contained evidence that "Lively sexually abused the boy for the purpose of producing the SanDisk Images, which Norwood-Charlier produced when he photographed Lively and the boy with his Kodak digital camera," as well as evidence that the SanDisk digital memory card was made in China and thus had a nexus to interstate or foreign commerce as required by § 2251(a). *Id.* at 564. That is, the Sixth Circuit upheld Lively's conviction with respect to the images on the camera, but not the images on the hard drive. Thus, while the *Lively* court held the government is required to satisfy each of the elements of § 2251(a) for each production of a visual depiction, it did not hold the government is required to prove all elements for <u>all</u> instances of production in order to obtain a conviction for <u>any</u> instance of production.

The same point applies here. The government was not required to prove Adams acted with the intent to produce the visual depictions to each of the electronic devices identified at trial before a jury could find him guilty of producing the visual depictions to any of the electronic devices. In short, nothing in *Lively* compels entry of a judgment of acquittal here.

B.  THE APPLE IPHONE

In both his oral motion during trial and his supplemental briefing, Adams argues the government failed to prove he acted for the purpose of producing visual depictions of sexually explicit conduct to his iPhone because the government did not submit the images from the iPhone into evidence. (Doc. No. 240 at 22; Doc. No. 244 at 4). But Adams does not explain why this is so. In particular, he has not pointed to any case in which a court ruled the government must present the physical images or digital files before a defendant may be found guilty.

4

It is well-settled that a fact may be proven by either direct evidence or indirect evidence and that "[t]he law makes no distinction between the weight you should give to either one, or say one is any better evidence than the other." (Doc. No. 233 at 9) (Jury Instructions). It perhaps is more likely in § 2251(a) prosecutions that the government will offer the physical images or digital files as direct evidence of the defendant's guilt. But neither the statute nor caselaw requires it do so. Circumstantial evidence, if a jury believes it, is sufficient to establish guilt. *See, e.g.*, *United States v. Wright*, 774 F.3d 1085, 1092 (6th Cir. 2014) (affirming a conviction under § 2251(a) where there was "no direct evidence" the defendant took photographs of child pornography but "there was sufficient circumstantial evidence that [he] actively participated in the creation of the photographs"). Even so, as I discuss below, there was direct and circumstantial evidence presented at trial that Adams took photos and a video of his sexual activity with K.A. using a device that had traveled in interstate commerce or that he actually transported those images "[a]cross state lines." (Doc. No. 233 at 18).

### C. THE "FOR THE PURPOSE OF" ELEMENT

Adams' final argument is that the government failed to meet its burden to present evidence that Adams engaged in sexually explicit conduct with K.A. "for the purpose of" creating a visual depiction of that conduct. (Doc. No. 244 at 4-6; Doc. No. 247 at 4-6).

There is little dispute about most of the elements of the charged offense. Adams concedes he engaged in sexual conduct with K.A. There was evidence Adams recorded images and videos on his iPhone, including a photo of Adams and K.A.'s reflection in a mirror where Adams can be seen holding his cell phone. K.A. testified that it was Adams's idea to record their sexual activity on his iPhone, and Adams later downloaded those images to his laptop and an external hard drive. There was evidence those electronic devices were transported in interstate commerce. And finally, there was evidence Adams transported the images in interstate commerce, when he drove from his encounter with K.A. in Ohio to California.

5

That leaves the question of whether the government offered sufficient proof that one of Adams's motivating purposes for engaging in sexual conduct with K.A. was to create a visual depiction of that conduct. I conclude a reasonable juror, viewing the evidence in the light most favorable to the government, could find that Adams had such a purpose.

The government presented evidence at trial that, the day after Adams and K.A. met online, Adams told K.A. that he had masturbated three times to pictures K.A. had posted on Tumblr while imagining her naked and then sent K.A. a recording of another woman performing oral sex on him in what appeared to be a hotel room. (Doc. No. 239 at 78, 85-87). Adams also asked K.A. to send him pictures of herself, both clothed and naked. (*Id.* at 85, 94-95). K.A. testified she sent Adams pictures of herself while clothed and also sent him "sexual pictures," though she could not recall whether she sent the "sexual pictures" before or after meeting Adams. (*Id.* at 95). And Adams sent K.A. a document titled "Kink Survey," which contained nine pages of questions about K.A.'s sexual and non-sexual interests. (Doc. No. 207). Among the questions in the Kink Survey were two questions asking K.A. about her interest in creating professional or home-made pornography. (Doc. No. 230 at 3; Doc. No. 239 at 93).

Adams contends this and other evidence presented by the government during trial is subject to a myriad of non-criminal explanations. (*See, e.g.,* Doc. No. 247 at 5 (asserting Adams's experience with "filming, editing, and producing" is "simply indicative of prior experience," not intent); (*id.* at 6) ("it is just as likely" Adams's action of holding K.A.'s hair out of her face was to facilitate sexual activity as it was to create an unobstructed view for filming).

But Rule 29 requires that "all reasonable inferences" be drawn in the government's favor. *United States v. Ostrander*, 411 F.3d 684, 691 (6th Cir. 2005). "Moreover, circumstantial evidence alone is sufficient to sustain a conviction and such evidence need not 'remove every reasonable hypothesis except that of guilt.'" *United States v. Ellzey*, 874 F.2d 324, 328 (6th Cir. 1989) (quoting

6

*United States v. Stone,* 748 F.2d 361, 363 (6th Cir. 1984)). While Adams disagrees with the inferences the government contends a juror could draw, he fails to show those inferences could not reasonably be drawn from the evidence at trial.

Adams also argues that the Kink Survey is not evidence that he engaged in sexual activity with K.A. for the purpose of recording that activity because the survey contained many other questions unrelated to making pornography and because the government did not offer any evidence as to the origin of the survey. (Doc. No. 247 at 4-5). These arguments are not persuasive. The government's failure to identify the creator of the survey is immaterial. The fact that Adams sent the Kink Survey to K.A. and asked her to complete it and return it to him supports the reasonable inference that Adams knew what questions were in the survey and wanted to know K.A.'s level of interest in the activities identified, including making pornography.

Finally, Adams contends his use of his cell phone to record his sexual activity with K.A. after that activity already had started "further indicat[es] a lack of prior planning to film the encounter." (*Id.* at 5). But Adams's failure to use a tripod or other assistive device, or to begin recording prior to his first sexual contact with K.A., does not prohibit a reasonable juror from concluding, in light of the other evidence, that Adams intended to engage in sexual activity with K.A. for the purpose of creating a visual depiction of that activity. *See United States v. Sampson*, No. 21-CR-20732, 2024 WL 1929990, at *2 (E.D. Mich. May 2, 2024) (denying a Rule 29 motion for a defendant convicted under 18 U.S.C. § 2251(a) where "he did not press record on the video until after the sex act had begun, and he did not set up recording equipment" because "other evidence in the case" supported a finding of guilt).

In sum, Adams has not met his "heavy burden" to show no rational juror could find beyond a reasonable doubt all the elements of the offense. *United States v. Maliszewski*, 161 F.3d 992, 1005 (6th Cir. 1998). Because I conclude the record contains sufficient evidence that Adams acted for the

7

purpose of recording his sexual activity with K.A. on his cell phone, I need not consider the parties' arguments with respect to his subsequent production of the images to his hard drives.

### IV. CONCLUSION

I conclude a reasonable juror, viewing the evidence in the light most favorable to the government, could find proof beyond a reasonable doubt and convict Adams. Therefore, and for the reasons set forth above, I deny Adams's Rule 29 motion. (Doc. No. 244).

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge